IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| KRISTA LYNN PURVIS aka KRIS PURVIS, | : | BANKRUPTCY NO.: 5-11-bk-04996-JJT |
| DEBTOR | : | |
| KRISTA LYNN PURVIS, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Plaintiff's Complaint for Violations of the Automatic Stay Pursuant to F.R.C.P. 12(b)(6) and F.R.B.P. 7012(b) (Doc. #5)} |
| PLAINTIFF | : | |
| vs. | : | |
| FIRST NATIONAL BANK OF PENNSYLVANIA, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-11-ap-00488-JJT** |

# OPINION[1]

Before the Court is Defendant's Motion to Dismiss the underlying Complaint under Federal Rule of Civil Procedure 12(b)(6) as made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b). For the reasons set forth herein, the Court denies the Motion to Dismiss.

The allegations of the underlying Complaint for Violations of the Automatic Stay can be summarized as follows. Prior to the filing of the bankruptcy petition of July 18, 2011, the Defendant scheduled a sheriff sale of Debtor's property with the Lackawanna County Sheriff's Office with said sale being scheduled for October 4, 2011. Subsequent to the filing of the bankruptcy, the Lackawanna County Sheriff, pursuant to Defendant's instructions, posted a

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\Cathy\Opinions-Orders filed 2012\5-11-ap-00488-JJT_Purvis.pdf]

notice on Debtor's property indicating that the property was to be sold on October 4, 2011. Thereafter, on three separate occasions namely, September 9, September 16, and September 23, 2011, Debtor's property was subject to an advertisement in the Scranton Times Tribune and the Lackawanna County Jurist. The allegations are that the posting of the property and advertisement of the Sheriff's sale were all done pursuant to the requirements of a foreclosure sale process.[2]

The Complaint alleges that at all times subsequent to the filing of the underlying bankruptcy case, the Defendant was aware of the filing of the bankruptcy. On September 15, 2011, Defendant even filed a Motion for Relief from the Automatic Stay. It is further alleged that on the morning of October 4, 2011, the day of the Sheriff's sale, Defendant instructed the Sheriff to continue the sale to November 15, 2011. Based upon these factual allegations, the Plaintiff requests the Court find that the Defendant violated 11 U.S.C. § 362(a), and as a result of that violation, she should be awarded actual damages including costs, attorney's fees, and punitive damages. Defendant's response attacks the allegations of the Complaint on several avenues. First, Defendant argues that in order to receive damages, the Plaintiff must prove the Defendant willfully violated the automatic stay, and the allegations of the Complaint falls short in this regard. Defendant also asserts that both Pennsylvania State law and Bankruptcy law is clear that a scheduled Sheriff's sale can be continued post-petition without there being a violation of the automatic stay. Furthermore, the rescheduling of the sale is not a violation because the

---

[2] In addition to the posting and advertising of the Debtor's property at 82 Pike Street, Carbondale, Pennsylvania, was the Plaintiff's/Debtor's parents' property at 99 Pike Street, Carbondale, Pennsylvania. Debtor's parents are not debtors under the United States Bankruptcy Code, and Defendant was informed that the 99 Pike Street property was incorrectly included in the foreclosure proceedings.

[K:\Cathy\Opinions-Orders filed 2012\5-11-ap-00488-JJT_Purvis.pdf]　　　2

Case 5:11-ap-00488-JJT    Doc 11    Filed 05/30/12    Entered 05/30/12 16:17:31    Desc
Main Document    Page 2 of 4

action simply maintains the "status quo" between the debtor and the creditor. Closely tied to this argument is that the *Defendant* took no affirmative action in violation of the stay but that it was the Sheriff of Lackawanna County who did the postings for the sale.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

The Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

The Plaintiff points outs that Defendant concentrates its argument solely on whether the oral continuance of the Sheriff's sale on October 4, 2011, served to protect the "status quo" vis-à-vis the parties, while ignoring the impact the posting and triple advertisement of the Sheriff's sale in local papers may have had on the automatic stay. Defendant, however, deflected attention from itself by indicating that it was actually the Sheriff that did the posting and the advertising and minimized any responsibility of the Defendant in the state procedures leading to the Sheriff's sale, all the while ignoring the fact that the Sheriff operates at the behest of the Defendant.

[K:\Cathy\Opinions-Orders filed 2012\5-11-ap-00488-JJT_Purvis.pdf]    3

Case 5:11-ap-00488-JJT    Doc 11    Filed 05/30/12    Entered 05/30/12 16:17:31    Desc
Main Document    Page 3 of 4

Defendant also asserts the Debtor cannot and has not set forth any damages that occurred to her as a result of the Sheriff's sale being advertised or in the bankruptcy. We direct the Defendant's attention to paragraphs 29 and 30 of the Complaint which set forth the allegations of Plaintiff's damages, and we find that under our previous rulings in the *Solfanelli* case at *Solfanelli v. Meridian Bank (In re Solfanelli)*, 206 B.R. 699, 703 (Bankr. M.D.Pa.. 1996), *aff'd in part, rev'd in part, In re Solfanelli*, 230 B.R. 54 (M.D.Pa. 1999), *judgment aff'd and remanded, Solfanelli v. Corestates Bank*, N.A., 203 F.3d 197 (3d Cir. 2000), sufficient allegations remain in support of the allegation of damages.

It is for these reasons that the Court finds the instant Complaint survives the requirements of a Rule 12(b)(6) Motion as set forth in *Twombly*, *supra*, and the Court will deny the instant Motion to Dismiss. The Court will further Order the Defendant to file an Answer to the Complaint on or within twenty (20) days of the date of this Order.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: May 30, 2012